Reese, J.,
delivered the opinion of the court.
John Wood, the father of the defendant in error, conveyed to him several slaves by bill of sale, which was duly proved and registered. But after the execution of the bill of sale, and' before its registration, John Wood, the father,. made a parol gift of one the slaves to one Todd, his son in Jaw, to whom be was delivered, who sold and conveyed by bill of sale, registered after that of John H. Wood’s, the slave in question, to the plaintiff in error, against whom, to recover said slave, John H. Wood brought his action of det-inue. Upon the trial much testimony was heard, tending to show that the sale and conveyance of the negroes, by the father to the son, was made to defeat or delay the recovery of alimony, in a suit brought by the wife of the former against him. The court charged the jury, 1st. That although they might believe the conveyance of the negroes from the father to the son, was intended to defeat the wife of the former in the recovery of alimony, still it would not be void as to Todd, to whom he made subsequently a parol gift of one of the slaves, nor as to those claiming under Todd. 2d, That the bill of sale from John Wood to John H. Wood, took effect from the time of its execution and delivery, as against John Wood and his son in law, to whom the gift was made. 3d. The court, deeming it unnecessary to the decision of the case, declined to give an opinion, whether the gift and delivery of possession of the slave in question to the son in' law, would, as between the donor and donee, transfer to the *487 latter a valid title, without a deed or writing, but intimated-, ' " ^ ' that the 12th section of the act of 1831, c 90, had probably changed the law on the subject, and that every gift of slaves without writing would be void, even between donor and do-nee. We deem these several propositions to be correct. The first announces the familiar principle, that a deed, void as against creditors, is yet good against the party making it, and those claiming under him, in right of representation or as volunteers.
The second proposition was maintained in the case of Hay’s lessen vs. McGuire and others, 8 Yer. Rep. 92, and we think properly maintained. We assent to the reasoning upon that point in the case referred to.
3d. The circuit court was correct in supposing it not necessary to the determination of the case, to place a construction,upon the 12th section of the act of 183!, c 90, nor is it necessary here. But as it is important that society should early know how to act with a view to the provisions of that section, we think it proper to depart from our usual course of saying no more than is necessary to the decision of a case, and to observe, that in the intimation of opinion upon that section, which the circuit court gave, we think it was correct. The words of the said section in question, are, that “all deeds of gift for slaves shall be in writing, or the same shall be utterly void, and of no effect whatever,” or, reforming the mal-collocution of the words, produced no doubt by accident or mistake, and making them as they stand, insensible and absurd, as follows, “all gifts of slaves shall be by deed or in writing, or the same shall be utterly void and of no effect whatever,” it can be a matter of little difficulty to give the proper construction to words of such strength and directness. Before 1831, either a parol or written gift of slaves would have been void as against creditors.
When the section in question, therefore, declares that a “parol gift of slaves shall be utterly void and of no effect whatever,” it must mean as between donor and donee, as well as in other respects. Such is the plain meaning of the words, such the policy of the act, and such the construction which the courts of North Carolina have placed upon théir *488 statute of 1806, containing a similar provision. Let the , x -judgment be affirmed.
Judgment affirmed.